IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CLARENCE E. VOGEL, JR.,
et al.,

      Plaintiffs,

      v.                     CIVIL NO.: WDQ-11-0515

BODDIE-NOELL ENTERPRISES,
INC., et al.,

      Defendants.

MEMORANDUM OPINION

Clarence E. Vogel, Jr. and Beatrice Vogel sued Boddie-Noell Enterprises, Inc., Boddie-Noell Enterprises, Inc. d/b/a Hardees of Cape Charles (collectively "Boddie") and CKE Restaurants ("CKE") for negligence and loss of consortium. For the following reasons, Boddie's motion for summary judgment or to dismiss for lack of personal jurisdiction and the Vogels' motion for default judgment against CKE will be denied.

I. Background[1]

On May 26, 2007, Charles Vogel, Jr., a citizen of Maryland, ate at the Hardees restaurant owned and operated by Boddie in

---

[1] For the motion for summary judgment, the Vogels' evidence "is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). For the motion to dismiss for lack of personal jurisdiction, all "disputed facts and reasonable inferences" are to be drawn in the Vogels' favor. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

Cape Charles, Virginia. Compl. ¶¶ 1,9. He ate there because he had seen advertisements for the "Famous Hardees Breakfast" produced by CKE and sponsored by Boddie. Id. ¶ 10. Vogel slipped on an unmarked, wet walkway outside the Hardees and sustained "traumatic and painful and permanent injuries" to his "neck, back, and upper extremities." Id. ¶¶ 14, 20.

On January 5, 2010, the Vogels sued Boddie in the Superior Court for Nash County, North Carolina for negligence and loss of consortium from the May 26, 2007 incident. ECF No. 28, Ex. 1. On April 7, 2010, Boddie moved for summary judgment that the suit was untimely under North Carolina law. ECF No. 33, Ex. 2.

Boddie argued that under North Carolina's borrowing statute, N.C. Gen. Stat. § 1-21, the North Carolina court should apply Virginia's two-year personal injury statute of limitations because the Vogels were not North Carolina residents and the accident occurred in Virginia. Id. On April 16, 2010, Superior Court Judge Quentin T. Sumner granted summary judgment for Boddie. ECF No. 28, Ex. 3.[2]

---

[2] Judge Sumner's order stated:

> The Court having heard, the arguments of counsel, reviewed the submissions of the parties and reviewed the Court file, [orders] that the Boddie-Noell Defendants' Motion for Summary Judgment is granted pursuant to Rule 56 of the North Carolina Rules of Civil Procedures, and Plaintiffs' claims against the Boddie-Noell Defendants are hereby dismissed.

Defs.' Mot. Summ. J., Ex. 3.

On May 24, 2010, the Vogels sued Boddie and CKE in the Circuit Court for Anne Arundel County. ECF No. 2. On February 25, 2011, the case was removed to this Court. ECF No. 1. On April 15, 2011, Boddie moved for summary judgment that the claims are barred by *res judicata*, or to dismiss for lack of personal jurisdiction. ECF No. 28. On April 19, 2011, the Vogels moved for a default judgment against CKE. ECF No. 29. On April 26, 2011, CKE answered the complaint. ECF No. 31.[3]

II. Analysis

    A.    Motion for Summary Judgment

        1.    Standard of Review

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could

---

[3] The same day, the parties filed a consent motion asking the Court to "reserve judgment on the issue of personal jurisdiction over Boddie" until after ruling on the *res judicata* issue presented in its motion for summary judgment. ECF No. 32. As discussed below, the Court will deny Boddie's motion for summary judgment on that basis, and jurisdictional discovery will be allowed. Accordingly, the consent motion to reserve judgment on personal jurisdiction will be granted.

return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but it also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

2. Boddie's Motion

Boddie has moved for summary judgment that the Vogels' claims are barred by the doctrine of *res judicata*. ECF No. 28. The Vogels contend that *res judicata* does not apply because there was no judgment on the merits in the North Carolina suit. ECF No. 33 at 1.

Under Maryland law,[4] the doctrine of *res judicata* may be invoked if: (1) the parties in the second suit are the same as or in privity with the parties in the first suit, (2) the claim presented in the second suit is identical to that determined or that which could have been raised and determined in the first suit, and (3) the first suit resulted in a "final judgment on

---

[4] Because this case is before the Court on diversity jurisdiction, the preclusive effect of the first action will be decided under Maryland's *res judicata* law. *See Q. Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006).

4

the merits." *R & D 2001, LLC v. Rice,* 402 Md. 648, 663, 938 A.2d 839 (2008).

It is undisputed that the parties here and in the North Carolina suit are the same. The negligence and loss of consortium claims here are the same claims presented in that case: the claims arose from Mr. Vogel's May 26, 2007 slip-and-fall accident outside the Cape Charles Hardees, and the complaints are substantially similar. Thus, the dispute is whether Judge Sumner's order granting summary judgment for Boddie and dismissing the Vogels' claims was a "final judgment on the merits."

Maryland Courts have defined "judgment on the merits" as "one which rules on the real or substantial grounds of [an] action or [a] defense as distinguished from matters of practice, procedure, jurisdiction or form." *N. Am. Specialty Ins. Co. v. Boston Med. Grp.,* 170 Md. App. 128, 138, 906 A.2d 1042 (Md. Ct. Spec. App. 2006) (internal citations and quotation marks omitted). But, "many judgments . . . deemed to be on the merits . . . do not pass directly on the substance of the claim." *Id.* at 139.

> When a court dismisses an action because of jurisdictional, procedural, or venue problems, it is acting for reasons that do not go to the substance of the case. But, when a court decides that it cannot hear the case because of a legal defense such as sovereign immunity, it is deciding that, as a substantive matter, the plaintiff cannot maintain his cause of action.

*Annapolis Urban Renewal Auth. V. Interlink, Inc.*, 43 Md. App. 286, 294, 405 A.3d 313 (Md. Ct. Spec. App. 1979).

The Maryland Court of Special Appeals has held that "when a circuit court in Maryland grants a motion to dismiss the complaint on the grounds that the complaint, on its face, is barred by the statute of limitations, the court is deciding that the plaintiff can never maintain that cause of action" and "such dismissal is an adjudication on the merits for *res judicata* purposes." *N. Am. Specialty,* 170 Md. App. at 142. However, that holding is limited to the plaintiff's second attempt to file suit in a Maryland court. *See id.* at 132-33.

For *res judicata*, it may be significant that the second suit is brought in a different forum when the first suit was dismissed as untimely. As the Supreme Court has explained, "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have the claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 504 (2001).[5]

---

[5] *See also See Joseph v. Athansopoulos*, --- F.3d ---, 2011 WL 3374754, at *5-8 (2d Cir. Aug. 5, 2011) (certifying to New York's highest court question whether a New York judgment dismissing a case as untimely under the New York limitations period would have a preclusive effect in another jurisdiction with a longer, unexpired limitations period); 18A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 4441 (2d ed. 2002)

Here, this Court will apply Maryland's statute of limitations—not Virginia's—to the Vogels' claims.[6] Judge Sumner did not decide that the Vogels could never maintain their causes of action and did not consider the Maryland statute of limitations. His ruling did not extinguish the Vogels' substantive right to a remedy outside the North Carolina courts. *Semtek*, 531 U.S. at 504; *N. Am. Specialty*, 170 Md. App. at 142. Accordingly, Boddie's motion will not be granted on the basis of *res judicata*.

B. Motion to Dismiss for Lack of Personal Jurisdiction

1. Standard of Review

The party asserting the claim has the burden of proving personal jurisdiction. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "If the existence of jurisdiction turns on disputed factual questions, the court may resolve the challenge on the basis of a separate evidentiary hearing or may defer ruling pending receipt at trial of evidence relevant to jurisdiction." *Id.* When the Court addresses the question "on

---

(courts generally conclude that that "dismissal on limitations grounds merely bars the remedy in the first system of courts, and leaves a second system of courts free to grant a remedy that is not barred by its own limitations rule. Issue preclusion does not fill the gap, because the issue adjudicated is only application of the first forum's limitations period").

[6] *See Benn v. Seventh-Day Adventist Church*, 304 F. Supp. 2d 716, 725 (D. Md. 2004) (Maryland treats statutes of limitations as procedural, not substantive, for choice of law purposes).

the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing . . . in order to survive the jurisdictional challenge." *Id.* "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

    2.   Boddie's Motion

Boddie argues that this Court lacks personal jurisdiction over it because it does not have sufficient contacts with the state of Maryland. It contends that it is a North Carolina corporation, its primary place of business is in North Carolina, and its "advertising and solicitation" in Maryland do not, alone, justify general jurisdiction. ECF No. 28-1 at 7-8.

The Vogels contend that Boddie engages in "extensive advertising" and "corporate ventures" within Maryland, and maintains an office in Baltimore. ECF No. 33 at 3-4. The Vogels acknowledge that their evidence of Boddie's contacts is limited, but have requested jurisdictional discovery. *Id.* at 4. Boddie has not opposed this request, and also acknowledges that limited discovery may be necessary. *See* ECF No. 32 at ¶ 3.

"The dispositive nature of a . . . challenge to the underlying jurisdictional facts requires the court to satisfy itself that the record has been fully developed before deciding the motion." *EEOC v. Alford,* 142 F.R.D. 283, 286 (E.D. Va. 1992). Absent a developed record, "a trial court should allow plaintiffs the opportunity to discover facts to support jurisdictional allegations." *Id.* (quoting *Thigpen v. United States,* 800 F.2d 393, 396-97 (4th Cir. 1986)). Accordingly, the Court will permit discovery on whether Boddie is subject to personal jurisdiction. Discovery shall be completed within 60 days of the date of this Memorandum Opinion and Order.

    C.    Motion for Default Judgment

        1.    Standard of Review

Under Fed. R. Civ. P. 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. In reviewing a motion for entry of a default judgment, the plaintiff's well-pleaded allegations are accepted as true as to liability. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780-81 (4th Cir. 2001). However, the court must determine whether these unchallenged factual allegations demonstrate a legitimate cause of action. *Id.* If liability is established, the court must make an independent determination of damages and will not simply accept

the damages allegations as true. *E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).

The entry of a default judgment is left to the court's discretion, and the Fourth Circuit has a "strong policy" that "cases be decided on the merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

2. The Vogels' Motion

The Vogels seek a default judgment against CKE on their claims for negligence and loss of consortium. ECF No. 29. Maryland "continues to adhere generally to the *lex loci delicti* principle in tort cases," and under that approach, the substantive law of the state where the wrong occurred governs unless "the law of the place of the wrong is contrary to a strong public policy of [Maryland]." *Lab. Corp. of America v. Hood*, 395 Md. 608, 615, 911 A.2d 841 (2006); *Erie Ins. Exchange v. Heffernan*, 399 Md. 598, 628, 925 A.2d 636 (2007).

As to the negligence claim, the wrong occurred in Virginia, and Virginia's substantive law will apply. To show CKE's liability for the slip-and-fall accident under Virginia law, the Vogels must allege facts showing that CKE owed them "a duty to exercise reasonable care" as to the Hardees where the accident happened. *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 125 S.E.2d 188, 190 (1962). An "owner or occupier of real property"

10

owes this duty to business invitees. *Wasmer v. Kroger Co.*, 2011 WL 867180, at *3 (W.D. Va. Mar. 11, 2011).

The Vogels have only alleged that CKE was a "franchiser" of Hardees restaurants, and was "responsible for all national advertising and brand marketing with regards to Hardees Restaurants for the purposes of bringing in new customers." Compl. ¶ 5. These allegations, accepted as true, do not show that CKE was an "owner or occupier" of the Cape Charles Hardees. The motion for default will be denied on the negligence claim.

The place of the wrong as to the loss of consortium claim is also Virginia. *See Haunch v. Connor*, 295 Md. 120, 125-26, 453 A.2d 1207 (1983). Because Virginia does not recognize a cause of action for loss of consortium—and, if it did, the Vogels have not pled facts showing CKE's liability for the accident—their motion for default judgment will also be denied on that claim.[7]

III. Conclusion

For the reasons stated above, Boddie's motion for summary judgment will be denied, and its motion to dismiss for lack of personal jurisdiction will be denied without prejudice to allow

---

[7] *See Miller v. Holiday Inns, Inc.*, 436 F. Supp. 460, 461-63 (E.D. Va. 1977)(under Virginia law, plaintiff could not sue hotel for loss of consortium); *Harford Mut. Ins. Co. v. Bruchey*, 248 Md. 669, 676, 238 A.2d 115 (1968)(Maryland's public policy favoring recovery for loss of consortium does not require its courts to refuse to apply Virginia law, which does not recognize that claim).

for jurisdictional discovery.  The Vogels' motion for default judgment will be denied.

8/17/11
Date

_____
William D. Quarles, Jr.
United States District Judge