```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

CLARENCE E. VOGEL et al.   *
                           *
v.                         *  Civil Action No. WMN-11-515
                           *
BODDIE-NOELL               *
ENTERPRISES, INC. et al.   *
                           *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court is a motion to dismiss or for summary judgment filed by Defendants, Boddie-Noell Enterprises, Inc. (BNE) and CKE Restaurants (CKE), ECF No. 56, and a motion for leave to file an amended complaint by Plaintiffs, Clarence and Beatrice Vogel, ECF No. 60. Both motions are fully briefed. Upon consideration of the pleadings, facts, and applicable law, the Court determines that (1) no hearing is necessary, Local Rule 105.6, (2) Defendants' motion to dismiss will be granted in part, and (3) Plaintiffs' motion for leave will be denied.

I.  **FACTUAL AND PROCEDURAL HISTORY**

On May 24, 2010, just days before Maryland's three year statute of limitations expired, Plaintiffs filed a three-count complaint in the Circuit Court for Anne Arundel County.[1]  ECF No.

---

[1] Plaintiffs first attempted to bring this action in a North Carolina state court. The Court gave a full account of that foray in its Memorandum Opinion of August 18, 2011, ECF No. 37. Briefly, however, Plaintiffs were apparently denied relief on the ground that their claim was filed beyond Virginia's two-year

2. They allege that Defendants are liable, either directly or by some form of vicarious liability, for negligence and loss of consortium, after Mr. Vogel fell just outside of the main entrance to a Hardee's restaurant in Cape Charles, Virginia on May 26, 2007.  ECF No. 2, ¶ 9.  Plaintiffs further allege that Mr. Vogel "chose to patronize Hardees [sic] due to the extensive reputation and advertising surrounding the 'Famous Hardees [sic] Breakfast' fostered, encouraged and produced by Defendant CKE Restaurants and Boddie Noell [sic] Enterprises."  Id. at 10.

On February 25, 2011, the case was removed to this Court by Defendants, Boddie-Noell Properties, Inc., Boddie-Noell Properties of Maryland, Inc., and Babcock & Brown Limited Partnership.  ECF No. 1.  Shortly thereafter, the removing Defendants filed a motion to dismiss which Plaintiffs did not oppose.  ECF Nos. 21 & 23.  The Court granted that motion on March 30, 2011.

Also after removal, Plaintiffs served BNE and CKE, the only remaining Defendants in this action.  See ECF Nos. 25 & 26.  BNE is a North Carolina corporation.  It owns and operates Hardee's franchises in Virginia – including the one where Mr. Vogel fell – North Carolina, South Carolina, and Kentucky.  CKE is a Delaware corporation and its principal place of business is in

---

statute of limitations deemed applicable by the North Carolina court.  Id. at 2.

Carpinteria, California.  CKE is the owner of the Hardee's franchise rights.

BNE moved for summary judgment or dismissal on April 15, 2011, and CKE filed an answer on April 20, 2011.  ECF Nos. 28 & 31.  On April 26, 2011, Plaintiffs and BNE filed a consent motion to reserve the issue of personal jurisdiction.  ECF No. 32.  On August 18, 2011, the Court denied BNE's motion, granted the parties' consent motion, and ordered a 60 day period of jurisdictional discovery.  ECF No. 38.  After several extensions, jurisdictional discovery was completed on August 6, 2012, and the present motions were filed in the weeks following.

**II.  LEGAL STANDARDS**

**A. Motion to Dismiss for Lack of Personal Jurisdiction**

Fed. R. Civ. P. 12(b) provides that a party may present certain defenses by motion.  In this instance, Defendants have moved for dismissal or summary judgment on the grounds that personal jurisdiction is lacking and that Plaintiffs have failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(2) & (6).  The only relevant standard in this matter is that related to personal jurisdiction, which is most effectively addressed in a discussion of the merits of Defendants' motion.  Ultimately, however, it is Plaintiffs' burden to establish a basis for jurisdiction by a preponderance of the evidence.  Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

3

**B. Motion for Leave to Amend the Complaint**

Plaintiffs have moved for leave to amend their complaint under Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that once certain deadlines have passed, as they have here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule further provides that leave should be freely given "when justice so requires." Id. Indeed, "[l]eave to amend a pleading should be denied only when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Jenkins v. Gaylord Entm't Co., Case No. 10-00633-AW, 2011 WL 6755158, at *2 (D. Md. Dec. 23, 2011) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

**III. DISCUSSION**

    **A. CKE Waived the Defense of Lack of Personal Jurisdiction and This Court Does Not Have Personal Jurisdiction over BNE**

BNE and CKE argue that Plaintiffs' claims against them should be dismissed because this Court does not have personal jurisdiction over them. ECF No. 58-1 at 5. As an initial matter, the Court finds that CKE has waived this defense. Fed. R. Civ. P. 12(h) provides that the defense of lack of personal jurisdiction is waived if a party fails to (1) raise it by a motion contemplated by Rule 12(b), or (2) "include it in a

4

responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." See also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982).  In this case, before filing a motion under Rule 12(b), CKE answered Plaintiffs' complaint and failed to include lack of personal jurisdiction as a defense.  Moreover, it did not join the consent motion filed by BNE and Plaintiffs to reserve the issue of personal jurisdiction, ECF No. 32, and it did not amend its answer pursuant to Rule 15(a)(1).  Thus, CKE cannot now claim that this Court lacks personal jurisdiction and Defendants' motion will be denied as it relates to CKE.

BNE, on the other hand, has not waived this defense and the Court must determine whether it can properly exercise jurisdiction over BNE.  "A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process."  Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993).  The Court of Appeals of Maryland has been clear that Maryland's long-arm statute[2] expands

---

[2] Md. Code Ann., Cts. & Jud. Proc. § 6-103 (b) provides:

> A court may exercise personal jurisdiction over a person, who directly or by an agent:
>   (1) Transacts any business or performs any character of work or service in the State;

personal jurisdiction to the full extent permitted by the due process clause. See Mohamed v. Michael, 370 A.2d 551, 553 (Md. 1977) (and cases cited therein).  Thus, the "normal two-step inquiry merges into one."  Ellicott Mach. Corp., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993).

There are two types of personal jurisdiction under the due process analysis: specific and general.  Specific jurisdiction exists when a controversy arises out of a defendant's contacts with the forum state.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  General jurisdiction exists, regardless of where the claim arose, if the defendant's contacts with the forum state are "continuous and systematic."

---

(2) Contracts to supply goods, food, services, or manufactured products in the State;
(3) Causes tortious injury in the State by an act or omission in the State;
(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
(5) Has an interest in, uses, or possesses real property in the State; or
(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Estate of Bank v. Swiss Valley Farms Co., 286 F. Supp. 2d 514, 517 (D. Md. 2003) (quoting Helicopteros Nacionales, 466 U.S. at 415). The Fourth Circuit has held that the defendant's level of contacts with the forum state must be "significantly higher" to exercise general jurisdiction than the contacts required for specific jurisdiction. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997); see also Nichols, 991 F.2d at 1199 (contacts required for general jurisdiction are "fairly extensive"); Alantech Distrib., Inc. v. Credit Gen. Ins. Co., 30 F. Supp. 2d 534, 536 (D. Md. 1998) (general jurisdiction reserved for cases where nonresident defendants "are essentially domiciled within the forum state.") (internal quotations omitted). The aim, in either instance, specific or general, is to ensure that a court's exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (internal quotations omitted).

If this Court has personal jurisdiction over BNE at all, it must be general jurisdiction. Plaintiffs have sued BNE for negligence and loss of consortium for an incident that occurred in Virginia. Assuming, arguendo, that BNE does have contacts with Maryland, specific jurisdiction is unavailable because Plaintiffs' claims did not arise from those contacts.

7

BNE does not have contacts with Maryland that meet the "systematic and continuous" threshold required to support general jurisdiction.  Plaintiffs argue that this Court can exercise general jurisdiction because BNE "has paid tens of millions of dollars into Hardee's national branding that has certainly been directed, in part, to the State of Maryland." ECF No. 60 at 10.  Further, they assert, that "Hardee's solicitations for business clearly induced Mr. Vogel to patronize the subject Hardee's." Id. at 10-11.  Plaintiffs, however, fail to present any evidence about the advertising fund, how it is administered, what portion of BNE's contribution did, or reasonably could have, made its way to Maryland, or even what advertisements were placed in Maryland.  Instead, they simply rely on their assertion that some undisclosed portion of BNE's funds "certainly" found its way to Maryland. Id. at 10. In addition, Plaintiffs argue that BNE's purchase of chicken products for use in its restaurants from Perdue Farms, Inc., a Maryland corporation, supports this Court's exercise of general jurisdiction.

Plaintiffs' argument is insufficient because it runs counter to well-established law.  In Ratliff v. Cooper Laboratories, Inc., the Fourth Circuit held that a company that did no more than employ salesmen and advertise in a state did not have sufficient minimum contacts to support general

8

jurisdiction. 444 F.2d 745, 748 (4th Cir. 1977). The Fourth Circuit later affirmed the rule that "advertising and solicitation activities alone do not constitute 'minimum contacts' required for general jurisdiction." Nichols, 991 F.2d at 1200.³ The court also noted that this rule is consistent with longstanding precedent from the Supreme Court. Id. at 1199-1200 (citing People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 87 (1918) (holding that advertising and solicitation alone do not justify general jurisdiction); Green v. Chicago, B & Q. R. Co., 205 U.S. 530 (1907) (finding no general jurisdiction when a corporate defendant's activities in the forum state were "in substance nothing more than that of solicitation")).

Plaintiffs' other asserted basis for this Court's jurisdiction – BNE's purchase of chicken from Perdue – is likewise insufficient. "[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."

---

³ It is worth mentioning that the plaintiffs in both Ratliff and Nichols were not residents of the states where they sought to exercise jurisdiction over the defendants. This fact, however, does not change the broader rule that advertising is an insufficient basis for asserting general jurisdiction. See, e.g., Estate of Bank, 286 F. Supp. 2d at 518 (following Ratliff and Nichols where plaintiff was from Maryland).

9

Helicopteros Nacionales, 466 U.S. at 418 (1984); see also Rosenberg Bros. Co. v. Curtis Brown Co., 260 U.S. 516, 518 (1923).  Even in combination, advertising and purchases are insufficient to support general jurisdiction.  See Nichols 991 F.2d at 1200 (no general jurisdiction despite having 17 to 21 "promotional representatives," managers to supervise them, automobiles, samples and promotional materials in Maryland, as well as entering into a contract with a Maryland firm, holding meetings in Maryland, and making purchases there).  It is clear then that BNE does not maintain sufficient minimum contacts with Maryland to permit this Court to exercise general jurisdiction over it.  Defendants' motion will therefore be granted as it relates to BNE.

>    **B. Plaintiffs' Motion For Leave to Amend Their Complaint Will Be Denied**

Plaintiffs seek leave to amend their complaint pursuant to Rule 15(a)(2).  Their motion is captioned "Plaintiff's [sic] Motion for Leave to Amend Complaint by Interlineation to Correct a Misnomer."  ECF No. 60 at 1.  As an exhibit to the motion, Plaintiffs filed a document captioned "Plaintiff's [sic] Amendment by Interlineation" which proposes deleting CKE as one of the defendants and substituting "Hardee's Food Systems, Inc."[4]

---

[4] Contrary to the Local Rules, Plaintiffs did not file an original copy of the amended complaint and a copy identifying the amendments.  Local Rules 103.6(a) & (c).

ECF No. 60-3.  Hardee's Food Systems, Inc. (HFS) is the wholly-owned subsidiary of CKE that franchises Hardee's, ECF No. 60-6 at 3, including the one operated by BNE where Mr. Vogel fell. ECF No. 60-9.  According to Plaintiffs, the "sole purpose" of this amendment "is to correct Plaintiff's [sic] inadvertent misnomer."  ECF No. 60-3.

Whether to grant leave to amend under Rule 15(a) is a decision that rests within the discretion of this Court.  Equal Rights Ctr. v. Niles Bolton Assoc., 602 F.3d 597, 602-03 (4th Cir. 2010).  "[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant leave without any justifying reason.'" Id. at 603 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  As explained below, Plaintiffs' motion for leave will be denied for two reasons. First, it appears that their asserted need to amend (i.e., their failure to name HFS in the first place) is the result of their own inexcusable neglect.  Second, the amendment would be futile because Maryland's statute of limitations has long-since expired, and Plaintiffs' proposed amendment does not relate back to their original complaint under Rule 15(c).  Barnes v. Prince George's Cnty., 214 F.R.D. 379, 380 (D. Md. 2003) ("One circumstance rendering amendment futile is when the statute of limitations has run and the amendment would not relate back under Rule 15(c).").

11

### 1. Plaintiffs' Need to Amend Their Complaint Is the Product of Their Own Inexcusable Neglect

Plaintiffs appear to place blame for their failure to name HFS from the outset on CKE.  They assert that CKE is before the Court "with unclean hands."  ECF No. 60 at 1-2.  Specifically, they accuse CKE of concealing that it owns HFS and that HFS is responsible for franchising Hardee's.  CKE has done no such thing, however, and the frivolity of Plaintiffs' position is revealed by a cursory glance at the record.  In its Answer, CKE denied Plaintiffs' allegation that it was the franchisor of the Hardee's where Mr. Vogel's fall occurred.  See ECF No. 31, ¶ 5.  In multiple briefings for this Court, including the one presently being considered, ECF No. 58-1 at 2, it has revealed its relationship to HFS.  See also ECF No. 45, ¶ 3; ECF No. 51, ¶ 3; ECF No. 56, ¶ 3.  Even in the responses to interrogatories that Plaintiffs claim are "misleading at best," ECF No. 60 at 2, CKE stated "Hardee's Food Systems, Inc. ("HFS") is the wholly owned subsidiary of CKE that Franchises Hardees [sic]" and that "HFS is the franchisor for [the restaurant where Mr. Vogel fell] and entered into the Franchise Agreement with Boddie-Noell Enterprises, Inc. ("BNE")."  ECF No. 60-6 at 3.

Plaintiffs also suggest that the Hardee's website is misleading as it regards the relationship between CKE, HFS and Hardee's franchises.  In reality, however, the website, which is

12

publicly available, could not be clearer. It states: "Hardee's is a wholly-owned subsidiary of CKE Restaurants, Inc., a publicly traded company . . . . Through its subsidiaries, CKE franchises and operates Hardee's and Carl's Jr. quick-service restaurants." ECF No. 60-7 (emphasis added). The website also clearly identifies Hardee's corporate contact information as: "Hardee's Food Systems, Inc., 100 North Broadway, Suite 1200, St. Louis, MO 63102." Id. (emphasis added).

Rule 15 is not intended to protect those who have inexcusably failed to investigate their claims and the parties against whom those claims may be asserted. See generally Goodman v. Praxair, Inc., 494 F.3d 458, 471 (4th Cir. 2007) (inexcusable neglect is "related to the trial court's exercise of discretion under Rule 15(a)") (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1498 (2d ed. 1990)); see also State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). The Court believes that this is a clear case of neglect by Plaintiffs. First, the information needed to identify HFS as the franchisor of the subject Hardee's was publicly available at or before the time their original

13

complaint was filed in Anne Arundel County. In addition, Plaintiffs' neglect is illustrated by their substantial delay in seeking leave to amend. Plaintiffs did not seek leave to amend for more than two years after filing their complaint and 14 months after CKE answered and denied that it was the franchisor of the subject Hardee's. The Court will therefore exercise its discretion and deny Plaintiffs' motion.

### 2. Plaintiffs' Claims Against HFS Would Not Relate Back to Their Original Complaint and Thus the Amendment Would Be Futile

Because Maryland's three-year statute of limitations has now long since passed, HFS is entitled to repose unless Plaintiffs' proposed amendment relates back to the date of their complaint under Rule 15(c). Locklear v. Berman & Beving AB, 457 F.3d 363 (4th Cir. 2006); see also Intown Prop. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001) ("courts properly exercise caution in reviewing an application of [Rule 15] that would increase a defendant's exposure to liability.").

In a case such as this one, Rule 15(c)(1)(C) provides that an amendment relates back to the original date of filing if

> within the period provided by Rule 4(m) for serving the summons and complaint, the party sought to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought

>against it, but for a mistake concerning the proper party's identity.

The Fourth Circuit emphasized the breadth of the Rule's application in Goodman, 494 F.3d at 467-71. There, the court explained that the Rule "reflect[s] a subtle and complex compromise of two competing policies," namely "simplicity in pleadings . . . and their liberal amendment," as well as the need to give effect to the legislative determinations contained in statutes of limitations which are designed to "give defendants predictable repose from claims after the passage of a specified time." Id. at 467. "Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." Id. at 468. Thus "[w]hen [the party to be added] has been given fair notice of a claim within [the period provided for under Rule 4(m)] and will suffer no improper prejudice in defending, the liberal amendment policies of the Federal Rules favor relation-back." Id. at 471.

The issues addressed in Goodman were similar to those presented here. There, as is the case here, the plaintiff sought to add the wholly-owned subsidiary of one of the other defendants after the statute of limitations had expired. In addition, in both cases, in their original complaints, the plaintiffs evidenced some degree of intent to sue the

15

subsidiary.  Despite the Fourth Circuit's conclusion that the proposed amendment in Goodman did relate back, however, Goodman is factually distinguishable from the present case.

In Goodman there was little doubt that the plaintiff made a mistake concerning the identity of the proper defendant because the plaintiff's intent to sue the subsidiary was substantially clearer.  Unlike this case, there was a clear record showing that counsel for the plaintiff in Goodman made a reasonable inquiry into the relationship between Praxair, Inc. and Praxair Services before filing the original complaint.  494 F.3d at 462. In addition, the plaintiff in Goodman explicitly referenced the subsidiary in multiple places in his original complaint.  Id. at 462-63.  Again, the same cannot be said here.  Plaintiffs in the present case merely allege that "CKE is the parent company of Hardees [sic] Restaurants and owner of the Hardees [sic] brand. CKE is the franchiser of the Hardees [sic] Restaurants owned and operated by BNE."  ECF No. 2, ¶ 5.  HFS, unlike Praxair Services in Goodman, is not identified anywhere in the complaint.

On the issues of the subsidiary's knowledge of the plaintiff's intent to sue it and notice to the subsidiary of the complaint within the required time period, the Fourth Circuit in Goodman emphasized the close identity of interest between the two entities.  Specifically, the court noted that, in addition to being parent and subsidiary, both companies had employed the

16

same attorneys. 494 F.3d at 473-74. That they were "closely related business entities represented by the same lawyers," id. at 474, allowed the court to find that Praxair Services had notice of the complaint against Praxair, Inc. and to impute knowledge of the plaintiff's intent to sue Praxair Services, to Praxair Services itself. Goodman thus illustrates that some other element must be present, in addition to simply being parent and subsidiary, which indicates that it is reasonable to impute knowledge of the plaintiff's intent, and notice of the plaintiff's claim, to a tardily-named subsidiary. See also Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 196 (S.D.N.Y. 2000) (allowing amendment when amended complaint served on subsidiaries one month after original complaint filed); Zimmer v. United Dominion Industries, Inc., 193 F.R.D. 620, 623 (W.D. Ark. 2000) (parent "took it upon itself to provide a defense for [subsidiary] even before the wholly-owned subsidiary had been added as a party defendant" and parent and subsidiary not only "share the same street address, a few of the same officers, the same agent for service, the same attorneys, and, apparently, the same claims administrator, but their interests in defending the lawsuit seem identical"); Horwitt v. Longines Wittnauer Watch Co., Inc., 388 F. Supp. 1257, 1259 (S.D.N.Y 1975) (original complaint was served on same person who would have accepted service of complaint for subsidiary, parties

17

shared corporate office and had the same managers, subsidiary was referred to as a defendant in the original complaint, and counsel for parent corporation referred to subsidiary as a defendant in correspondence with plaintiff's counsel).

Plaintiffs here have not made an equivalent showing that HFS knew, or should have known, of their intent to sue HFS and that HFS has had notice of this action.  Instead, without providing any detail, they assert that HFS received notice "by virtue of its relationship with CKE."  ECF No. 60, ¶ 8.  In a footnote, Plaintiffs state that "by information and belief" CKE and HFS share a corporate office and reference the affidavit of service for CKE which shows that service on CKE was affected by mailing the complaint to the same address identified on the Hardee's website as belonging to HFS.  Id. at n.2.  They have, however, not presented any actual evidence – besides their mere existence as parent and wholly-owned subsidiary - that the two companies are so closely related that imputing knowledge and notice to HFS would not be prejudicial.  For these reasons, the Court concludes that Plaintiffs' proposed amendment would not relate back to the filing of their original complaint and thus, the Court will also deny Plaintiffs leave to amend on the ground that the amendment would be futile.

**C. Plaintiffs' Remaining Claim Against CKE**

Based on the foregoing decisions, this case is left in an unusual posture.  CKE having waived the defense of personal jurisdiction is the lone remaining Defendant, but Plaintiffs, having sought leave to amend to substitute HFS for CKE, appear to (1) recognize that their claim against CKE is likely unsupportable, and (2) have no desire to continue that claim.  As a result, the Court questions whether continuing this matter through the time and expense of additional discovery is necessary.  The Court will order that the parties confer and submit a joint status report within 14 days outlining their views on how this case should proceed.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss or for summary judgment will be granted in part and Plaintiffs' motion for leave to amend their complaint will be denied.  A separate order will issue.

                                          /s/
                         William M. Nickerson
                         Senior United States District Judge

March 13, 2013